

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WAYNE D. GARRETT, JR.
and TRACEY C. MARTIN,
 on behalf of themselves and
 all others similarly situated,

        Plaintiffs,

v.                              CIVIL ACTION NO.: 3:11CV298

MARGOLIS, PRITZKER,
EPSTEIN & BLATT, P.A.,
and STUART R. BLATT,

        Defendants.

---

## CLASS ACTION COMPLAINT
## AND JURY DEMAND

1.    Plaintiffs Wayne D. Garrett, Jr. and Tracey C. Martin, on behalf of themselves and all others similarly situated, allege Defendants Margolis, Pritzker, Epstein & Blatt, P.A. and Stuart R. Blatt violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), (1) by falsely representing or implying that a communication is from an attorney in violation of 15 U.S.C. §1692e(3), and (2) the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10).

### I.   JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k(d). Venue in this District is proper because Plaintiffs reside here and Defendants sent correspondence to Mr. Garrett and Ms. Martin into this District.

## II. PARTIES

3. Plaintiff Wayne D. Garrett, Jr. is a natural person who resides in Wakefield, Virginia.

4. Mr. Garrett is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Plaintiff Tracey C. Martin is a natural person who resides in Petersburg, Virginia.

6. Ms. Martin is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. Defendant Margolis, Pritzker, Epstein & Blatt, P.A. ("MPEB") is a corporation with its place of business at Suite 222, 110 West Road, Towson, Maryland 21205.

8. Defendant Stuart R. Blatt is an attorney who is an owner and operator of MPEB.

9. MPEB regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Mr. Blatt regularly collects or attempts to collect debts for other parties and is a "debt collector" as defined by 15 U.S.C. §1692a(6).

## III. FACTUAL ALLEGATIONS

11. Defendants sought to collect from Wayne D. Garrett, Jr. a debt allegedly due Sears Gold MasterCard arising from transactions incurred for personal, family or household purposes.

12. Defendants sent Mr. Garrett a letter dated May 11, 2010 in an attempt to collect the alleged debt. (Attached hereto as Exhibit A.)

13. Defendants sought to collect from Tracey C. Martin a debt allegedly due Citibank (South Dakota), N.A. arising from transactions incurred for personal, family or household purposes.

14. Defendants sent Ms. Martin a letter dated August 20, 2010 in an attempt to collect the alleged debt. (Attached hereto as Exhibit B.)

15. Stuart R. Blatt, Robert M. Wilansky, and Michael Green are the attorneys listed in the letterhead of Exhibits A and B.

16. In the first paragraph of Exhibits A and B Defendants state in part: "Please be advised that this office has been retained by the above-referenced client in their claim against you."

17. In the sixth paragraph of Exhibits A and B Defendants state in part: "Please understand that no attorney in this office has reviewed this claim against you as of yet."

18. Exhibits A and B conclude with the typed signature "Margolis, Pritzker, Epstein & Blatt."

19. Upon information and belief, Defendant Stuart R. Blatt personally designed, implemented, directed, and supervised MPEB's collection practices and policies including the design and text of and the procedure for use of Exhibits A and B.

20. Exhibits A and B mislead the least sophisticated consumer regarding the involvement of an attorney with the collection of the alleged debt.

21. Upon information and belief, Defendant Stuart R. Blatt personally directed, operated, dominated, and controlled MPEB's finances in such an undercapitalized fashion as to justify disregarding MPEB's corporate identity, as Judge Turk stated in the FDCPA case of *West v. Costen*, 558 F.Supp. 564, (W.D.Va. 1983), "a victim of a statutory illegality ... may be more entitled to pierce an undercapitalized corporation, because, unlike a contractual creditor, the former's dealings with the corporation are involuntary and uninformed." *Id.* at 586.\

## IV. CLASS ACTION ALLEGATIONS

22. This action is brought on behalf of a class of similarly situated persons defined as (i) all Virginia residents to whom Defendants sent or caused to be sent a letter in the form of Exhibit A or B (ii) which stated "no attorney in this office has reviewed this claim against you"

(iii) in an attempt to collect a debt allegedly due Sears Gold MasterCard or Citibank (South Dakota), N.A. (iv) incurred for personal, family, or household purposes (v) during the one year period prior to the filing of the complaint in this matter.

23. Plaintiffs allege on information and belief based on the use of letters in the form of <u>Exhibits A and B</u> that the class is so numerous that joinder of all members is impractical.

24. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether MPEB and Mr. Blatt are debt collectors.

    b. Whether Defendants' letters in the form of <u>Exhibits A and B</u> violated the FDCPA.

25. The claims of Mr. Garrett and Ms. Martin are typical of those of the class members. All are based on the same facts and legal theories.

26. Mr. Garrett and Ms. Martin will fairly and adequately protect the interests of the class. They have retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

28. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

29. Plaintiffs request certification of a hybrid class combing Rule 23(b)(2) for equitable relief with Rule 23(b)(3) for monetary damages.

## V. COUNT I
## FDCPA CLAIMS FOR THE CLASS

30. Plaintiffs incorporate the foregoing Paragraphs.

31. Defendants (a) used false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e and e(10) and (b) falsely represented or implied that a communication is from an attorney in violation of 15 U.S.C. §1692e(3). See: *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009); and *Dunn v. Derrick E. McGavic, P.C.*, 653 F.Supp.2d 1109, 1114 (D.Or. 2009).

**WHEREFORE**, Plaintiffs Wayne D. Garrett, Jr. and Tracey C. Martin request that the Court enter judgment for themselves and the class they seek to represent against Defendants MPEB and Mr. Blatt for:

A. Certification for this matter to proceed as a class action;

B. Declaratory relief that Defendants' use of Exhibits A and B violates the FDCPA;

C. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs Wayne D. Garrett, Jr. and Tracey C. Martin demand trial by jury.

                        Respectfully submitted,
                        Wayne D. Garrett, Jr.
                        Tracey C. Martin
                        By Counsel

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 (Fax)
dale@pittmanlawoffice.com

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

**ATTORNEYS FOR PLAINTIFF**