**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **WAYNE D. GARRETT, JR.,** *et al.* ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:11-cv-298** |
| ) | |
| **MARGOLIS, PRITZKER,** ) | |
| **EPSTEIN & BLATT, P.A.,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM IN SUPPORT OF**
**MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.P.C.'s**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant, Margolis, Pritzker, Epstein & Blatt, P.A.P.C.[1] ("MPEB"), by counsel, submits

this memorandum in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6), and states the following:

**INTRODUCTION**

The Fair Debt Collection Practices Act ("FDCPA") prohibits a representation in debt

collection that a given communication is from an attorney unless, of course, the communication

is in fact from an attorney. 15 U.S.C. § 1692(e)(3). Courts have held that dunning letters under

a law firm letterhead and signed by the firm, even when sent by the law firm, can violate this

prohibition, unless (a) an attorney had personally reviewed the specific account and determined

that the dunning letter was appropriate, or (b) the letter contains a disclaimer making clear that

an attorney in the firm had not personally reviewed the account. Plaintiffs allege that two letters

---

[1] In their Complaint, Plaintiffs erroneously named "Margolis, Pritzker, Epstein & Blatt, P.A." as
a party defendant in this action. Margolis, Pritzker, Epstein & Blatt, *P.A.P.C.* is the proper party
defendant and submits this pleading to this Court.

sent by MPEB run afoul of the FDCPA by falsely representing or implying that the letters were from an attorney.  (Compl., ¶ 31).  Plaintiffs' Complaint should be dismissed because the letters contain the exact form of disclaimer language approved by multiple courts.  Indeed, no reader of the letter could be tricked into believing that an attorney had been personally involved in preparation of the letter, when the letters contains on their face and in normal typeface the following clear and unambiguous language:

> Please understand that no attorney in this office has reviewed this claim against you as of yet.  If you wish an attorney to review this claim, please either call or write asking us to do so and we will be pleased to have an attorney review this claim and contact you to advise you of the position that our client chooses to take regarding this claim against you after review by an attorney.

In the same way that the letters comply with the FDCPA on their face, the Class Action Complaint is wholly devoid of merit on its face.  The Complaint should be dismissed in its entirety and with prejudice.

### ALLEGED FACTS[2]

1.      Plaintiffs allege that they received letters on May 11, 2010 and August 26, 2010 in which Defendants sought to collect debts on behalf of third party creditors.  (Compl., ¶¶ 11, 14).  Copies of the two letters were attached to the Complaint as Exhibits A and B.  For the Court's convenience, Defendants attach copies of the letters hereto as **Exhibits A** and **B**.

2.      The letters include MPEB letterhead and are signed by MPEB.  (Exs. A and B). Neither letter is signed by Defendant Blatt.

3.      The MPEB letters state:

---

[2] The "Alleged Facts" section is based on the allegations in the Complaint and the exhibits attached thereto.  Although Defendants disagree with Plaintiffs' claims, for the limited purposes of this motion, any well-pleaded factual allegations are accepted as true.

Please understand that no attorney in this office has reviewed this claim against you as of yet.  If you wish an attorney to review this claim, please either call or write asking us to do so and we will be pleased to have an attorney review this claim and contact you to advise you of the position that our client chooses to take regarding the claim against you after personal review by an attorney.

(Exs. A and B) (hereinafter referred to as the "Disclaimer").

4.     Plaintiffs claim that the letters violate the FDCPA's prohibitions against "false representation[s] or deceptive means" and false representations or implications that a communication is from an attorney.  (Compl., ¶ 31) (citing 15 U.S.C. §§ 1692e(10) and (3)).

5.     Plaintiffs do not plead that an attorney was not involved in the preparation of the letters; however, the letters themselves state that no attorney had personally reviewed the Plaintiffs' accounts.   (Exs. A and B).  Therefore, for purposes of this motion, it can be assumed that no attorney in fact reviewed the accounts prior to the sending of the letters.

STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim.  *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff.  *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991).  The Court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint.  *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Furthermore, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of action will not'" survive a motion to dismiss.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

3

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In *Iqbal*, the Supreme Court suggested a two-step approach for determining whether a complaint survives dismissal. 129 S. Ct. at 1949-50.

> *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id.* (emphasis added). Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. If any factual allegations remain, the Court should then review them to determine if the claimant has stated a plausible claim for relief. *Id.*; *see Nemet Chevrolet*, 591 F.3d at 256 (applying the two-step approach of *Iqbal* by first identifying and disregarding allegations not entitled to the assumption of truth and then determining the plausibility of the remaining factual allegations).

**ARGUMENT**

## I.   Plaintiffs' Claims against MPEB Must Be Dismissed.

Plaintiffs allege that Defendants violated 15 U.S.C. §1692e(10) and (3) by using a "false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer," in particular because it "falsely represented or implied that a communication is from an attorney." (Compl., ¶ 31).

Courts in the Fourth Circuit apply the "least sophisticated debtor standard" in evaluating violations under Section 1692(e). *See, e.g.*, *U.S. v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135–36 (4th Cir. 1996). The least sophisticated consumer, however, "'isn't a dimwit,'" . . . or "'tied to the very last rung on the [intelligence or] sophisticated ladder.'" *Garcia-Contreras v. Brock & Scott, PLLC*, 1:09-cv-761, 2011 U.S. Dist. LEXIS 34818, *25-26 (M.D.N.C. Mar. 31, 2011) (citations omitted). Furthermore, the least sophisticated consumer standard does not admit "bizarre or idiosyncratic interpretations of collections letters" and, therefore, "prevents liability by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Nat'l Fin. Servs, Inc.* 98 F.3d at 135-36. Instead, under the test, a statement is considered false or misleading if "it can be reasonably read to have two or more meanings, one of which is inaccurate." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir 2006).

Courts have held that a dunning letter on a law firm's letterhead, sent by a law firm, can be misleading, unless an attorney personally reviewed the account and decided that the letter was appropriate. *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005). However, a law firm is not prohibited from acting as a debt collector, rather than in the role of an attorney;

5

therefore, courts have held that any impression that a letter from a law firm has involved an attorney can be dispelled, as a matter of law, by a disclaimer.  *Id.*

Here, the MPEB letters unequivocally state that "no attorney in this office has reviewed this claim against you as of yet."  (Exs. A and B).   Moreover, the dunning letters encouraged Plaintiffs to contact MPEB and request an attorney to review the file, stating "[i]f you wish an attorney to review this claim, please either call or write asking us to do so and we will be pleased to have an attorney review this claim and contact you to advise you of the position that our client chooses to take regarding the claim against you after personal review by an attorney." (Exs. A and B).  The MPEB letters simply cannot "be reasonably read to have two or more meanings" with regard to the involvement of an attorney.

Indeed, the language used in the letters has been repeatedly approved by courts.   In *Greco,* the Second Circuit held as a matter of law that a debt collection letter was not deceptive and misleading, even though it was printed on law firm stationary and signed by a law firm.  *Id.* at 365.  Like the MPEB letters, the *Greco* letter contained a disclaimer stating that "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.*  In its analysis of the issue, the court reasoned that "an attorney can, in fact, send a collection letter without being meaningfully involved as an attorney . . . so long as that letter includes disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not . . . acting as an attorney." *Id.* at 364.   The court went on to explain that in light of the disclaimer even the "least sophisticated consumer, upon reading this letter, must be taken to understand that no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claim." *Id*. at 365.

In the instant case, the MPEB letters contained nearly identical disclaimer language. *Compare id.* at 361–62 *with* Exs. A & B.  Indeed, MPEB's letters are more specific and explicit about the need for the consumer to instigate attorney review of the claim.  (Compl., Exs. A & B) (informing Plaintiffs how to request and obtain a review by an attorney).  Moreover, the Disclaimer in question appeared: (1) on the front of the one-page dunning letter; (2) in normal type face print; and (3) in a manner that was both readable and understandable.  Thus, Plaintiffs' claims should be dismissed because the letters at issue are not deceptive.  *See Greco*, 412 F.3d at 364-65.

Other district courts have reached the same conclusion as the *Greco* court.  For example, in *Taylor v. Pinnacle Credit Servs., LLC*, No. C-10-05164 JCS, 2011 U.S. Dist. LEXIS 36420, at *24–29 (N.D. Cal. Apr. 4, 2011), the United States District Court for the Northern District of California ruled language stating "[a]t this time, no attorney with this firm has personally reviewed the particular circumstances of your account" is a sufficient disclaimer to prevent claimants from alleging violations of § 1692e.  *Id.* at *23–24.  In its analysis, the court noted that the Ninth Circuit has not addressed the question at hand, but that many district courts within the Ninth Circuit have followed or implicitly approve the approach taken by the Second Circuit in *Greco*.  *Id*.  In concluding that "the least sophisticated consumer . . . would understand that the attorney who signed the letter had not reviewed the specific facts of the case" the court found dispositive the fact that the letter was short and straightforward like the letter in *Greco*.  *Id.* at *28.

The United States District Court for the Eastern District of Arkansas reached a similar conclusion in *Peak v. Southern & Allen*, No. 4:09CV00753-WRW, 2010 U.S. Dist. LEXIS 41101, at *11–13 (E.D. Ark. Apr. 27, 2010).  In *Peak*, the plaintiff argued the defendant falsely

represented that an attorney was involved in issuing a debt collection letter. *Id.* at *11. The *Peak* court cited *Greco* in holding that "[d]espite the mention of a lawsuit, the disclaimer in the [debt collection] letter makes clear that no lawyer has reviewed Plaintiff's account. Even an unsophisticated consumer could not be misled as to the extent of a lawyer's involvement - - there was none." *Id.* at *13. Accordingly, the court granted summary judgment in favor of the law firm defendant. *Id.*[3]

*Greco* and its progeny expressly reject Plaintiffs' attempts to state claims for violation of § 1692e. In the Complaint, Plaintiffs cite two cases that they claim stand for the opposite proposition. Upon closer examination, however, both decisions are distinguishable from the instant facts, and, in fact, support Defendants' position. In *Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) (cited by Plaintiffs at Compl., ¶ 31), the debt collection letter contained a disclaimer stating "[a]t this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account." *Id.* at 602. The district court dismissed the consumers' claim, explaining that "[t]he disclaimer should have removed any confusion that even the least sophisticated consumer would have had concerning the level of attorney involvement in the matter." *Gonzalez v. Kay*, No. H-08-563, 2008 U.S. Dist. LEXIS 53645, at *10 (S.D. Tex. June 11, 2008), *rev'd*, *Gonzalez*, 577 F.3d 600 (5th Cir. 2009). On appeal, the Fifth Circuit reversed the decision, noting "[w]e acknowledge that this is a close case, which is why further inquiry at

---

[3] *See also*, *e.g.*, *Murphy v. Bronson, Cawley, & Bergmann, LLP*, No. 3:10-cv-01929 AJB (RBB), 2011 U.S. Dist. LEXIS 64600 (S.D. Cal. June 13, 2011) (motion to dismiss granted because letter contained disclaimer: "Please note that no attorney with our firm has personally reviewed the particular circumstances of your account."); *Adams v. J.C. Christensen & Assoc.*, No. 10-4667, 2011 U.S. Dist. LEXIS 33019 (D. Minn. Mar. 28, 2011) (because letter "explicitly stated that it was 'prescreened and reviewed' by [the debt collector], not an attorney," law firm's motion for summary judgment granted); *Becker v. Genesis Fin. Servs.*, No. CV-06-5037-EFS, 2007 U.S. Dist. LEXIS 86152 (E.D. Wash. Nov. 21, 2007) (letter contained disclaimer: "At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account;" disclaimer was "appropriate" and law firm's motion to dismiss was granted).

the district court is necessary . . . reasonable minds can differ as to whether this letter is deceptive." *Gonzalez*, 577 F.3d at 607. Specifically, the Fifth Circuit believed that the disclaimer in question was not dispositive under the specific factual circumstances of its case.

In its analysis, the *Gonzalez* court surveyed case law from a number of other district and circuit courts and determined "the main difference between the cases is whether the letter included a clear, prominent and conspicuous disclaimer that no lawyer was involved in the debt collection at that time." *Id.* at 604-06. Thus, according to the court in *Gonzalez*, the context and placement of the disclaimer should be considered in determining whether a consumer can state a cognizable action under the FDCPA. *Id.* at 607. The Court recognized that "[t]here are some letters that, *as a matter of law*, are not deceptive based on the language and placement of a disclaimer." *Id.* at 606 (emphasis added). Such letters would include those like the ones at issue in the instant case and *Greco*, where the disclaimer was clear and was located on the front of the letter. In *Gonzalez*, however, the disclaimer was located on the back page of the letter. This distinction was important in the eyes of the *Gonzalez* majority. "[T]he disclaimer in *Greco* was part of the *body of the letter* . . . [i]n contrast the 'least sophisticated consumer' reading the letter from the [*Gonzalez* defendant] would not learn that the letter was from a debt collector unless the consumer turned the letter over to read the 'legalese' on the back." *Id.* (emphasis added). The court explained that "the disclaimer on the back of the letter *completely contradicted* the message on the front of the letter . . . [t]hat is, the disclaimer on the back may not have been *effective*." *Id.* (emphasis in original). Because of this fact, the Fifth Circuit believed that the least sophisticated

consumer reading the letter might be deceived, and therefore held that the district court had prematurely dismissed the plaintiff's complaint.  *Id.*[4]

Likewise, Plaintiffs' reliance on *Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp. 2d 1109, 1114–15 (D. Or. 2009) (Compl., ¶ 31) is misplaced.  Although the debt collection letter in *Dunn* included a disclaimer, the court ruled that the letter was "far more convoluted" than the letter in *Greco.  Id.* at 1114.  The *Dunn* letter[5] first stated the "unpaid principal balance."  *Id.* at 1111.  It then stated a different "amount of the claim."  *Id.*  It continued by attempting to explain how the "amount claimed varies day-to-day" and asserted that additional charges are "provided for by law or by the agreement."  *Id.*  By comparison, the MPEB letters at issue here have no confusing introductory paragraphs or statements regarding the amount of the debt.  Moreover, unlike the MPEB letters, the letter in *Dunn* threatened an immediate lawsuit at the creditor's instruction "even if the thirty (30) day dispute and validation periods . . . have not expired."  *Id.* at 1111.  Indeed, the *Dunn* court considered the threats of immediate legal action dispositive.  *Id.* at 1114-15.  The MPEB letters, on the other hand, state that they "*may* have no alternative but to commence legal action," but allow Plaintiffs 30 days to dispute the claim before MPEB would "assume the debt to be valid."  Once again, the MPEB letters clearly state that no attorney has reviewed the claim as of the date of the letter, and, unlike the *Dunn* letter, provide specific instructions on how to request an attorney review of the file, thereby strongly encouraging the consumers to contact the attorneys if appropriate.

---

[4] Contrary to Plaintiffs' assertion in the Complaint, the *Gonzalez* court did not rule that the disclaimer violated the FDCPA.  Instead, the Court remanded the matter for determination by the district court as to whether the letter was deceptive.

[5] The language in the collection letter at issue in *Dunn* is included in the court's opinion.  *Id.* at 1111.

Plaintiffs' assertion that the MPEB letters are false or misleading is contrary to the law and the language in the letters.  Their proposed interpretation is contrary to the plain language in the letters, unreasonable, and should be rejected by the Court.  The Court should grant Defendants' motion and dismiss their claims in their entirety.

### CONCLUSION

WHEREFORE, Defendants Margolis, Pritzker, Epstein & Blatt, P.A. respectfully requests that the Court grant its motion to dismiss and enter an Order dismissing with prejudice all claims asserted by Plaintiffs, awarding it the costs and fees incurred in defending this action, and granting whatever other legal or equitable relief the Court deems appropriate.

**MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.P.C.**

By:     /s/David N. Anthony
        David N. Anthony
        Virginia State Bar No. 31696
        *Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
        TROUTMAN SANDERS LLP
        1001 Haxall Point
        Richmond, Virginia  23219
        Telephone:  (804) 697-5410
        Facsimile:  (804) 698-5118
        Email: david.anthony@troutmansanders.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 15th day of August, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to:

>Dale W. Pittman, Esq.
>The Law Office of Dale W. Pittman, P.C.
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA  23803
>Telephone: (804) 861-6000
>Facsimile: (804)861-3368
>Email: dale@pittmanlawoffice.com

>O. Randolph Bragg
>Horwitz, Horwitz & Assoc.
>25 East Washington Street, Suite 900
>Chicago, IL  60602
>Telephone:  (312) 372-8822
>Email:  rand@horwitzlaw.com

>*Counsel for Plaintiff*

>_____/s/David N. Anthony_____
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>Telephone:  (804) 697-5410
>Facsimile:   (804) 698-5118
>Email: david.anthony@troutmansanders.com