IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| WAYNE D. GARRETT, JR., *et al.*, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-cv-298 |
| | ) | |
| MARGOLIS, PRITZKER, | ) | |
| EPSTEIN & BLATT, P.A., *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT STUART R. BLATT'S MOTION TO DISMISS COMPLAINT

Defendant Stuart R. Blatt,[1] ("Blatt"), by counsel, submits this memorandum in support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states the following:

### INTRODUCTION

The Fair Debt Collection Practices Act ("FDCPA") prohibits a representation in debt collection that a given communication is from an attorney unless, of course, the communication is in fact from an attorney. 15 U.S.C. § 1692(e)(3). Courts have held that dunning letters under a law firm letterhead and signed by the firm, even when sent by the law firm, can violate this prohibition, unless (a) an attorney had personally reviewed the specific account and determined that the dunning letter was appropriate, or (b) the letter contains a disclaimer making clear that an attorney in the firm had not personally reviewed the account. Plaintiffs allege that two letters

---

[1] In their Complaint, Plaintiffs also erroneously named "Margolis, Pritzker, Epstein & Blatt, P.A." as a party defendant in this action. Margolis, Pritzker, Epstein & Blatt, *P.A.P.C.* is the proper party defendant.

sent by MPEB run afoul of the FDCPA by falsely representing or implying that the letters were from an attorney. (Compl., ¶ 31). Plaintiffs' Complaint should be dismissed because the letters contain the exact form of disclaimer language approved by multiple courts. Indeed, no reader of the letter could be tricked into believing that an attorney had been personally involved in preparation of the letter, when the letters contains on their face and in normal typeface the following clear and unambiguous language:

> Please understand that no attorney in this office has reviewed this claim against you as of yet. If you wish an attorney to review this claim, please either call or write asking us to do so and we will be pleased to have an attorney review this claim and contact you to advise you of the position that our client chooses to take regarding this claim against you after review by an attorney.

In the same way that the letters comply with the FDCPA on their face, the Class Action Complaint is wholly devoid of merit on its face. The Complaint should be dismissed in its entirety and with prejudice.

## ALLEGED FACTS[2]

1. Plaintiffs allege that they received letters on May 11, 2010 and August 26, 2010 in which Defendants sought to collect debts on behalf of third party creditors. (Compl., ¶¶ 11, 14). Copies of the two letters were attached to the Complaint as Exhibits A and B. For the Court's convenience, Defendants attach copies of the letters hereto as **Exhibits A** and **B**.

2. The letters include MPEB letterhead and are signed by MPEB. (Exs. A and B). Neither letter is signed by Defendant Blatt.

---

[2] The "Alleged Facts" section is based on the allegations in the Complaint and the exhibits attached thereto. Although Defendants disagree with Plaintiffs' claims, for the limited purposes of this motion, any well-pleaded factual allegations are accepted as true.

3. The MPEB letters state:

Please understand that no attorney in this office has reviewed this claim against you as of yet. If you wish an attorney to review this claim, please either call or write asking us to do so and we will be pleased to have an attorney review this claim and contact you to advise you of the position that our client chooses to take regarding the claim against you after personal review by an attorney.

(Exs. A and B) (hereinafter referred to as the "Disclaimer").

4. Plaintiffs claim that the letters violate the FDCPA's prohibitions against "false representation[s] or deceptive means" and false representations or implications that a communication is from an attorney. (Compl., ¶ 31) (citing 15 U.S.C. §§ 1692e(10) and (3)).

5. Plaintiffs do not plead that an attorney was not involved in the preparation of the letters; however, the letters themselves state that no attorney had personally reviewed the Plaintiffs' accounts. (Exs. A and B). Therefore, for purposes of this motion, it can be assumed that no attorney in fact reviewed the accounts prior to the sending of the letters.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's initial pleading and does not resolve contests surrounding the facts or the merits of a claim. *See Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). When considering a motion to dismiss, the Court should accept as true all well-pleaded factual allegations and should view the complaint in a light most favorable to the plaintiff. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). The Court, however, need not accept as true the legal conclusions, unwarranted inferences, unreasonable conclusions, or arguments asserted in the complaint. *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Furthermore, a "pleading that offers 'legal conclusions' of 'a formulaic recitation of the elements of a cause of

action will not'" survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255-56 (4th Cir. 2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see* Fed. R. Civ. P. 8(a)(2) (pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is "factually plausible" when the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In *Iqbal*, the Supreme Court suggested a two-step approach for determining whether a complaint survives dismissal. 129 S. Ct. at 1949-50.

> *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id*. (emphasis added). Therefore, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. If any factual allegations remain, the Court should then review them to determine if the claimant has stated a plausible claim for relief. *Id*.; *see Nemet Chevrolet*, 591 F.3d at 256 (applying the two-step approach of *Iqbal* by first identifying and disregarding allegations not entitled to the assumption of truth and then determining the plausibility of the remaining factual allegations).

4

ARGUMENT

I.   **Plaintiffs' Claims against Defendant MPBE Must Be Dismissed.**

Defendant Blatt incorporates by reference as if set forth fully herein Defendant MPEB's argument addressing why Plaintiffs' claims under the FDCPA must be dismissed. (*See* Memorandum in Support of Margolis, Pritzker, Epstein & Blatt's Motion to Dismiss Complaint, Argument, Part I.)

II.  **Plaintiffs' Claims against Defendant Blatt Individually Must Be Dismissed.**

Under well-settled principles of law in the Fourth Circuit, a plaintiff cannot bring a claim against a defendant personally based on the defendant's actions as a principal in a debt collection firm unless (1) the plaintiff provides non-conclusory, non-speculative allegations about a defendant's personal involvement in the collection of the debt, thereby showing that the individual defendant constitutes a "debt collector," or (2) the plaintiff can pierce the corporate veil of the firm. Plaintiffs have failed to meet either of these exceptions to the general rule that liability does not attach to a principal personally and, accordingly, Plaintiffs' claims against Blatt personally must be dismissed.

    A.   **Plaintiffs' Allegations Regarding Blatt's Personal Conduct Are Insufficient to State a Claim against Blatt Individually as a "Debt Collector" under the FCPA.**

The sole allegations against Blatt appear in paragraphs 19 and 21 of the Complaint. These paragraphs allege, upon information and belief, that Blatt "personally designed, implemented, directed, and supervised MPEB's collection practices and policies including the design and text" of the letter that Plaintiffs claim violated the FDCPA, Compl. ¶ 19, and that Blatt "personally directed, operated, dominated, and controlled MPEB's finances in such an

undercapitalized fashion as to justify disregarding MPEB's corporate identity," *id.* ¶ 21. As a matter of law, these allegations are insufficient to state a claim against Blatt personally.

In *Thomas v. Finner*, Civil Action No. 7:09cv00354, 2009 U.S. Dist. LEXIS 73975 (W.D. Va. Aug. 20, 2009), the court considered whether a complaint against the officers of a corporation properly stated a claim under the FDCPA. The complaint alleged that the officers created the policies and procedures pursuant to which the corporations' agents acted in collecting debts. The court first noted that the complaint "must have enough facts to state a claim for relief that is plausible on its face. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to plead a claim." *Id.* at *2 (citing *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1949; *Walker v. Prince George's County*, 575 F.3d 426 (4th Cir. 2009)). Additionally, the court was "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The court held that "[o]fficers are not liable under the FDCPA solely by virtue of the offices that they hold." *Id*. at *2.[3]

Plaintiffs' allegation, stated "upon information and belief," that Blatt "personally designed, implemented, directed, and supervised" his firm's policies and practices is nearly identical to the plaintiff's claim in *Thomas* that the officers of a debt collecting company personally created the policies and procedures that the company's agents followed. In the context of asserting an FDCPA claim against an individual, the allegations is nothing more than a legal conclusion. Just like the court in *Thomas*, this Court should find that these "[t]hreadbare

---

[3] Notably, in *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000), relied upon by the court in *Thomas*, the Seventh Circuit held that "FDCPA suits against the owners of a debt collection company who are not otherwise debt collectors *are frivolous and might well warrant sanctions*." *Id*. at 1059 (emphasis added) (citing *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir. 2000)).

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action. *Id.* at *2.

### B. Plaintiffs Fail to Assert Factual Allegations Sufficient to Pierce the Corporate Veil.

As the court held in *Thomas*, unless a corporate officer can be shown to qualify individually as a "debt collector" under the FDCPA, the only way an officer can be held liable is by piercing the corporate veil. *Id.* at *3; *see West v. Costen*, 558 F. Supp. 564, 585 (W.D. Va. 1983) ("An officer of the corporation cannot be held personally liable for the wrongful conduct of the corporation's employees absent personal involvement with the conduct."). Plaintiffs' pleadings in this case are woefully insufficient to pierce the corporate veil. Moreover, Plaintiffs' attempt to pierce the veil fails as a matter of law because it is based on a single legal conclusion.

The court in *West* noted a number of factors to consider when determining whether to pierce the corporate veil:

> inadequacy of corporate capitalization for the venture undertaken; failure to observe corporate formalities; non-payment of dividends; insolvency of the debtor corporation at the relevant time; siphoning of funds of the corporation by the dominant shareholder; non-functioning of other officers or directors; absence of corporate records; and the fact that the corporation is a mere facade for the dominant shareholder.

585 F. Supp. at 564 (citing *DeWitt Truck Brokers v. W. Ray Flemming Fruit Co.*, 540 F.2d 681, 685-87 (4th Cir. 1976)). The court then held that "[t]he conclusion to disregard the corporate entity must involve a number of these factors; *no single factor is sufficient.*" *Id.* at 585 (emphasis added). In this case, unlike in *West*, Plaintiffs have cited only a single factor (on information and belief) – undercapitalization. This fact, alone, is sufficient to secure dismissal of Plaintiffs' claim for piercing the corporate veil. *Id*.

Moreover, just as with Plaintiffs' allegations regarding Blatt's personal involvement in creating the policies and procedures of his firm, Plaintiffs' allegations that purportedly support the veil-piercing claim are nothing but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a cause of action.  As explained above, Plaintiffs' only allegation to support piercing of the corporate veil is that Blatt, "personally directed, operated, dominated, and controlled MPEB's finances in such an undercapitalized fashion as to justify disregarding MPEB's corporate identity." (Compl., ¶ 21). Significantly, Plaintiffs offer no facts to support this conclusive statement.  As a matter of law, therefore, under the standard articulated by the Supreme Court in *Twombly* and *Iqbal*, Plaintiffs have failed to state a claim for piercing the corporate veil, and their claims against Blatt must be dismissed.

## CONCLUSION

WHEREFORE, Defendant Stuart R. Blatt respectfully requests the Court to grant his motion to dismiss and enter an Order dismissing with prejudice all claims asserted by Plaintiffs against him, awarding him his costs and fees incurred in defending this action, and granting whatever other legal or equitable relief the Court deems appropriate.

**STUART R. BLATT**

By: /s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-5410
Facsimile:  (804) 698-5118
Email: david.anthony@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of August, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>Dale W. Pittman, Esq.
>The Law Office of Dale W. Pittman, P.C.
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA  23803
>Telephone: (804) 861-6000
>Facsimile: (804)861-3368
>Email: dale@pittmanlawoffice.com
>
>O. Randolph Bragg
>Horwitz, Horwitz & Assoc.
>25 East Washington Street, Suite 900
>Chicago, IL  60602
>Telephone:  (312) 372-8822
>Email:  rand@horwitzlaw.com
>
>*Counsel for Plaintiff*

>　　　　/s/David N. Anthony
>David N. Anthony
>Virginia State Bar No. 31696
>*Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>Telephone:  (804) 697-5410
>Facsimile:   (804) 698-5118
>Email: david.anthony@troutmansanders.com

2077395v1