IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WAYNE D. GARRETT, JR., *et al.*, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-298 |
| ) | |
| MARGOLIS, PRITZKER, ) | |
| EPSTEIN & BLATT, P.A., *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
STUART R. BLATT'S MOTION TO DISMISS COMPLAINT

Defendant Stuart R. Blatt,[1] ("Blatt"), by counsel, submits this reply memorandum in support of his Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and states the following:

### INTRODUCTION

As stated in Blatt's supporting memorandum, Plaintiffs may state a claim against Blatt personally for violation of the Fair Debt Collection Practices Act ("FDCPA") only if (1) they allege sufficient factual allegations indicating that Blatt meets the definition of a "debt collector" under the FDCPA; or (2) they allege facts sufficient to pierce the corporate veil. In their Opposition, Plaintiffs make no effort whatsoever to support a claim to pierce the corporate veil, and, therefore, effectively concede that their claims do not warrant such extraordinary relief.

---

[1] In their Complaint, Plaintiffs also erroneously named "Margolis, Pritzker, Epstein & Blatt, P.A." as a party defendant in this action. Margolis, Pritzker, Epstein & Blatt, *P.A.P.C.* is the proper party defendant. Defendant Blatt incorporates by reference as if set forth fully herein Defendant MPEB's arguments addressing why Plaintiffs' claims under the FDCPA must be dismissed. (*See* MPEB's Reply Memo., filed contemporaneously with this reply).

Instead, Plaintiffs contend that courts have held that directors and officers of corporate debt collectors may be held liable as "debt collectors" if they participated in the debt collection at issue. But Plaintiffs have completely missed the point of Blatt's motion to dismiss. Blatt does not dispute that individuals may be personally liable under the FDCPA under certain circumstances. Rather, Plaintiffs' claims against Blatt are insufficient because they are based on conclusory allegations that merely parrot the statutory elements necessary to state a claim against Blatt. Stripped of its "legal incantations," the Complaint does not include the necessary factual allegations to state a claim against Blatt, and, therefore, the Court should dismiss the claims against him.

**ARGUMENT**

**I.     Plaintiffs concede that they have not pleaded factual allegations to support piercing the corporate veil.**

As an initial matter, Plaintiffs do not dispute that the Complaint lacks factual allegations to support piercing the corporate veil. Instead, Plaintiffs mischaracterize Blatt's motion to dismiss by claiming "Defendants argue that Mr. Blatt cannot be held liable in his individual capacity unless the corporate veil is pierced." (Plfs' Opp., 16). This is incorrect. As Blatt clearly stated in his supporting memorandum, a plaintiff cannot bring a FDCPA claim against a defendant personally based on his actions as a principal in a debt collection firm unless "(1) the plaintiff provides non-conclusory, non-speculative allegations about a defendants personal involvement in the collection of the debt, thereby showing that the individual defendant constitutes a 'debt collector,' **or** (2) the plaintiff can pierce the corporate veil of the firm." (Blatt Memo., 5) (emphasis added). In their Opposition, Plaintiffs fail to address the second method for obtaining liability against a principal (i.e., piercing the corporate veil), and, instead, appear to focus only on the first method. (Plfs' Opp., 16-18). In so doing, Plaintiffs effectively concede

that the Court should not pierce the corporate veil against Blatt based on the scant allegations in the Complaint. Thus, Blatt may only be liable in this matter if Plaintiffs have asserted "non-conclusory, non-speculative allegations about" Blatt's "personal involvement in the collection of the debt." As shown below, Plaintiffs have failed to do so, and the Court should dismiss Blatt from this action.

II. **Plaintiffs have failed to plead sufficient factual allegations supporting their claim that Blatt is a "debt collector" under the FDCPA.**

In support of their claim for personal liability against Blatt, Plaintiffs recite almost *verbatim* the legal requirements for holding an officer of a debt collector personally liable as a "debt collector" under the FDCPA. (Compl., ¶ 19).[2] These "threadbare recitals" are nothing more than legal conclusions "couched as . . . factual allegation[s]," and should not be allowed to thwart Blatt's motion to dismiss. *See Thomas v. Finner*, 2009 U.S. Dist. LEXIS 73975, *2 (W.D. Va. Aug. 20, 2009) (dismissing FDCPA claim against principal of debt collection firm and citing *inter alia Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

In their Opposition, Plaintiffs completely miss the point of Blatt's motion to dismiss and attempt to side-step the insufficiency of the conclusory allegations. Instead, they rely mainly on a decision involving an individual that, as a matter of undisputed fact, was personally involved in the debt collection at issue. (Plfs' Opp., 16-18). The court in *Kistner v. Law Offices of Michael*

---

[2] Plaintiffs allege "upon information and belief," that Blatt "personally designed, implemented, directed, and supervised MPEB's collection practices and policies including the design and text" of the collection letters. (Compl., ¶ 19). They also allege, once again "upon information and belief," that Blatt "personally directed, operated, dominated, and controlled MPEB's finances in such an undercapitalized fashion as to justify disregarding MPEB's corporate identity." (Compl., ¶ 21). The allegation in paragraph 19 is the only allegation regarding Blatt's alleged status as a "debt collector." The conclusory allegation in paragraph 21 appears to relate to Plaintiffs' attempt to pierce the corporate veil, an assertion that Plaintiffs have now abandoned in their Opposition Memorandum. *See supra* Section I.

*P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008) (cited by Plaintiffs at Plfs' Opp., 1, 16-17) reversed summary judgment for the principal of a debt collection firm. Not surprisingly, the appellate court's review of the summary judgment decision did not analyze the sufficiency of the factual allegations in the pleadings under *Twombly* or *Iqbal*. *See id*. Instead, the court based its decision on the undisputed facts that the principal individual defendant (1) drafted the collection letter at issue; (2) was one of only two attorneys in the firm; (3) was the only member of the LLC debt collection firm; (4) negotiated terms with the mailing service provider used in the debt collection process; (5) oversaw compliance with applicable collection laws and intervened when necessary; and (6) directed debtors to make their checks payable to the principal individually. *See id* at 438. In this case, none of these types of facts are pleaded in the Complaint.

As shown in Blatt's supporting memorandum, the district court for the Western District of Virginia in *Thomas v. Finner*, 2009 U.S. Dist. LEXIS 73975, dismissed a similarly pleaded FDCPA claim that lacked sufficient factual allegations to survive the pleadings. (Blatt Memo., 5-6). Obviously, the Federal Rules' requirement to plead factual allegations is not limited to claims under the FDCPA. In *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250 (4th Cir. 2009), *aff'g* 564 F. Supp. 2d 544 (E.D. Va. 2008) (Lee, J.), the Fourth Circuit rejected a similar attempt by a claimant to state a claim by merely reciting the required statutory elements. In order to state a claim against the defendant under the Communications Decency Act of 1996 ("CDA"), 47 U.S.C. § 230(c)(1), the claimants in *Nemet* needed to allege factual allegations indicating that the defendant met the statutory definition for an "information content provider." 591 F.3d at 254-55.[3] The claimants alleged *inter alia* that the defendant helped consumers "draft

---

[3] The CDA defines an "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

or revise" on-line complaints; was "responsible in whole or in part, for developing" the on-line content; and had "fabricated" some of the comments to attract actual consumer complaints, and, therefore, the defendant was "responsible" for some of the on-line content. 591 F.3d at 256, 258-59. Based on these allegations, the claimants in *Nemet* asserted that the amended complaint contained sufficient factual allegations to support a claim that the defendant was an "information content provider," and thereby survive dismissal.

The Fourth Circuit disagreed and affirmed this Court's dismissal pursuant to Rule 12(b)(6). In reviewing the complaint, the Court was left with the claimants' allegations that the defendant "revised" or "fabricated" some of the comments.[4] *Id*. at 258, 260. The Court ruled that these "bare assertions 'devoid of further factual enhancement,'" were "not entitled to an assumption of truth." *Id*. at 260 (quoting *Iqbal*, 129 S. Ct. at 1949). The "threadbare" and "conclusory" statements were merely "formulaic recitation[s]" of the elements in the cause of action against the defendant. *Id*. at 258, 260. Therefore, the claimants failed to nudge their claims across the line from the "'conceivable to plausible,'" and the claims were properly dismissed. *Id*. at 260 (quoting *Iqbal*, 129 S. Ct. at 1952).

The same analysis applies in this matter. Like the *Nemet* claimants, the Plaintiffs must assert factual allegations indicating that Blatt meets a statutorily defined status, i.e., that Blatt is a "debt collector" as defined by the FDCPA. Instead of pleading any factual allegations in support of their claims, Plaintiffs make the "bare assertion" – upon information and belief – that Blatt "personally designed, implemented, directed, and supervised MPEB's collection practices and

---

[4] Although the amended complaint in *Nemet* contained some additional "factual" allegations, the Court determined that those allegations were either implausible or contrary to law. *See id*. at 256-58, 259-60. Stripped of these allegations, the amended complaint merely alleged that the defendant had "revised" or "fabricated" some of the comments at issue. *Id*. at 258, 260. Comparatively, Plaintiffs' Complaint does not contain *any* allegations regarding Blatt's status as a "debt collector" other than the sparse legal conclusions contained in paragraph 19.

policies including the design and text" of the collection letters. (Compl., ¶ 19). Like the insufficient allegations in *Nemet*, Plaintiffs' allegations – on their face – may resemble *factual* assertions. However, *in the context of asserting a claim of personal liability against Blatt*, the threadbare allegations are merely a "formulaic recitation" of the elements necessary to state a claim against Blatt. Devoid of any further truly factual enhancement, the statement is not entitled to the assumption of truth normally given to factual allegations. Therefore, the Complaint fails to nudge Plaintiffs' claims across the line from "conceivable to plausible" and it should be dismissed.

Courts have applied these same principles in dismissing FDCPA claims based on formulaic recitations and legal conclusions couched as factual allegations. In *Sunga v. Rees Broome, P.C.*, 2010 U.S. Dist. LEXIS 25590, *10-11 (E.D. Va. March 18, 2010) (Cacheris, J.), this Court dismissed a complaint in which the plaintiff alleged the defendant "threatened to report credit information that Defendant knew or should have known to be false since the amount that Defendant would report to the credit bureaus would be false." The Court ruled that the claimant's allegations merely parroted the statutory language and therefore did not state a claim for violation of the FDCPA. *Id*

In *Meadows v. Mann Bracken LLP (In re Meadows)*, 425 B.R. 806, 810-11 (Bankr. W.D. Va. 2010), the FDCPA claimant alleged that the defendant violated "(1) § 1692d by engaging in conduct, the natural consequence would be to harass, oppress or abuse the debtor in connection with collecting a debt; (2) § 1692f by engaging in unfair or unconscionable means to collect a debt; (3) § 1692e by making a false, deceptive or misleading representation or means in connection with collecting a debt; (4) § 1692e(5) by threatening to take action that was not intended to be taken; and (5) § 1692e(10) by making a false representation or by using deceptive

means to collect a debt or obtain information about a consumer." In dismissing the claim, the court ruled that the plaintiff merely "paraphrased the language of 15 U.S.C. §§ 1692d, f, e, e(5) and e(10)," and, therefore, the conclusory allegations were not entitled to the assumption of truth. *Id*.; *see also Thomas v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 52399 (W.D. Va. May 17, 2011) (dismissing FDCPA claims based on conclusory allegations that "defendants engaged in 'harassing,' 'abusive,' and 'unfair practices'").

This Court and others have applied the same principles in dismissing claims under other consumer protection statutes. In *Stuart v. LaSalle Bank, N.A.*, 2010 U.S. Dist. LEXIS 12141 (E.D. Va. Feb. 10, 2010) (Spencer, C.J.), the claimant attempted to assert claims under the Truth in Lending Act ("TILA") based on an allegedly inaccurate disclosure of the finance charge. *Id*. at *9-11. In order to state a claim under the applicable regulations, the claimant had to allege sufficient facts indicating that the originating lender required the claimant to pay a certain fee, specifically, a $250 notary fee. *Id*. at *10-11. Accordingly, the claimant asserted that "Aegis required Stuart to pay a notary fee of $250.00," contending that the assertion was a factual allegation. *Id*. Chief Judge Spencer disagreed, ruling that the so-called factual allegations were "simply sterile legal conclusions that 'are not entitled to the assumption of truth.'" *Id*. (quoting *Iqbal*, 129 S. Ct. at 1950). "Stripped of such legal incantation, these allegations provide insufficient factual support that Aegis required the notary fee." *Id*. On appeal, the Fourth Circuit agreed and affirmed the Court's decision to dismiss the case. 405 Fed. Appx. 794, 2010 U.S. App. LEXIS 25993 (4th Cir. 2010) (affirming for the reasons stated by this Court). The same logic applies here. Stripped of any legal incantation, Plaintiffs' allegations are insufficient to support a claim against Blatt.

Moreover, Plaintiffs' allegations, stated "upon information and belief," do not come close to raising the claim "above the speculative level." *See Twombly*, 550 U.S. at 555; *see also Siwulec v. Chase Home Finance, LLC*, 2010 U.S. Dist. LEXIS 128942, *16 (D. N.J. Dec. 7, 2010) (dismissing FDCPA claim based on "information and belief" allegation that defendant purchased debt after consumer's default); *Hernandez v. Reconstruct Co.*, 2009 U.S. Dist. LEXIS 7168, *6-7 (S.D. Cal. Feb. 2, 2009) (dismissing FDCPA claim based on "information and belief" allegation that defendant was not holder of loan). Plaintiffs hope the Court will allow these speculative allegations to survive the pleadings stage and "unlock the doors of discovery" in a class action lawsuit against Blatt personally. If Plaintiffs have factual knowledge or information sufficient to support the legal conclusions of Blatt's personal liability and sufficient to state a legal claim, they are required to state those allegations in a pleading filed in good faith with the Court at this time. Otherwise, their claims should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant Stuart R. Blatt respectfully requests the Court to grant his motion to dismiss and enter an Order dismissing with prejudice all claims asserted by Plaintiffs against him, awarding him his costs and fees incurred in defending this action, and granting whatever other legal or equitable relief the Court deems appropriate.

**STUART R. BLATT**

By: /s/Jon S. Hubbard
David N. Anthony
Virginia State Bar No. 31696
Jon Hubbard
Virginia State Bar No. 71089
*Attorneys for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-5410
Facsimile: (804) 698-5118
Email: david.anthony@troutmansanders.com
Email: jon.hubbard@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Dale W. Pittman, Esq.
> The Law Office of Dale W. Pittman, P.C.
> The Eliza Spotswood House
> 112-A West Tabb Street
> Petersburg, VA  23803
> Telephone: (804) 861-6000
> Facsimile: (804)861-3368
> Email: dale@pittmanlawoffice.com
>
> O. Randolph Bragg
> Horwitz, Horwitz & Assoc.
> 25 East Washington Street, Suite 900
> Chicago, IL  60602
> Telephone:  (312) 372-8822
> Email:  rand@horwitzlaw.com
>
> *Counsel for Plaintiff*

                                                         /s/ Jon S. Hubbard
Jon S. Hubbard
*Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
TROUTMAN SANDERS LLP
1001 Haxall Point (23219)
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone:  (804) 697-1406
Facsimile:   (804) 698-5186
Email: jon.hubbard@troutmansanders.com