IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **WAYNE D. GARRETT, JR.,** *et al.* ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-298 |
| ) | |
| **MARGOLIS, PRITZKER,** ) | |
| **EPSTEIN & BLATT, P.A.,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

**REPLY IN SUPPORT OF
MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.P.C.'s
<u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>**

Defendant, Margolis, Pritzker, Epstein & Blatt, P.A.P.C.[1] ("MPEB"), by counsel, submits its reply in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as follows:

INTRODUCTION

The collection letters on their face state: "Please understand that no attorney in this office has reviewed this claim against you as of yet."[2] As the Second Circuit ruled in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005), the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and *a willingness to read a collection letter with some care.*" (emphasis added). Any individual – including the least sophisticated consumer – reading the collection letters would know that no

---

[1] In their Complaint, Plaintiffs erroneously named "Margolis, Pritzker, Epstein & Blatt, P.A." as a party defendant in this action. Margolis, Pritzker, Epstein & Blatt, *P.A.P.C.* is the proper party defendant and submits this pleading to this Court.

[2] The letters were attached to Plaintiffs' Complaint as Exhibits A and B.

attorney at MPEB had reviewed the matter at the time the letters were sent. Indeed, the heavy majority of decisions post-dating *Greco* agree that collection letters containing similarly clear disclaimer language on the front of and in the body of the letter do not violate the FDCPA as a matter of law.

Plaintiffs' argument does not acknowledge this majority rule. Instead, Plaintiffs cite two groups of cases. The first group contains cases (three cited by plaintiffs) where violations were found based on disclaimers located on the back of dunning letters. These cases are readily distinguishable because of the location of the disclaimers and the fact the decisions themselves recognized the importance of the location to the decision. The second group contains two district court decisions, one from the Eastern District of California and another from the District of Oregon, involving disclaimers on the front of a collection letter where a violation was nevertheless found. However, these two decisions, in addition to representing a decidedly minority position, can be distinguished based on allegations made in those cases not present here, namely claims that the letters were part of a overall set of "increasingly aggressive" collection tactics involving threats of "immediate litigation." The cases cited by Plaintiffs, therefore, do not support their claims that the letters in this case are somehow deceptive. The Court should dismiss Plaintiffs' claims, as a matter of law and with prejudice.

## ARGUMENT

As Plaintiffs implicitly admit in their opposition memorandum, the seminal decision regarding disclaimers of attorney-involvement in dunning letters is the Second Circuit's ruling in *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir. 2005). The court in *Greco* ruled that a dunning letter from a law firm including a disclaimer on its face did not violate the FDPCA. *See* MPEB Memo., 5-7. Plaintiffs, however, would have the Court believe that there is

a split among the circuits regarding the validity of such disclaimers. *See* Plfs' Opp., 9 (claiming "several cases subsequent to *Greco* have held that letters from law firms attempting to collect an alleged debt which state that no attorney has reviewed the account violate the FDCPA"). This is not the case. The overwhelming majority of decisions following the *Greco* decision hold that collection letters that include an explicit disclaimer of attorney involvement on the face of the letter (like the letters at issue here) <u>do not</u> violate the FDCPA.

In preparing for this motion and the accompanying memoranda, Defendants reviewed the subsequent decisions relying on and citing *Greco*. As of September 11, 2011, 88 cases cite *Greco*. Of these, 18 address the question of disclaimers of attorney involvement. Of the 18 decisions addressing disclaimers, 12 decisions unequivocally support the position that a disclaimer of attorney involvement eliminates any claim that a law firm engaged in false, misleading, or deceptive conduct under FDCPA § 1692e. Of the remaining six, four (*Lesher*, *Gonzales*, *Harrison*, and *Brazier*) are easily distinguishable based on the location of the disclaimer: those cases dealt with disclaimers on the back of the letter, while the collection letters at issue here had the disclaimer on the front. Thus, Plaintiffs are left with two decisions involving disclaimers on the front of the letter (*Robertson* and *Dunn*). As explained below, both of the decisions involved "threats of immediate litigation" or an "increasingly threatening debt collection process" that are not alleged in this case. Furthermore, to the extent the decisions in *Robertson* and *Dunn* have any relevance in this matter, they represent "outlier" decisions that are simply contrary to the weight of authorities since *Greco* .

The 12 majority decisions citing *Greco* and directly supporting MPEB's position are: (1) *Nichols v. Frederick J. Hanna & Assocs., PC*, 760 F. Supp. 2d 275, 278 n.1 (N.D.N.Y 2011) (ruling claim of misrepresentation of attorney involvement would fail because letter included

3

disclaimer); (2) *Murphy v. Bronson, Cawley, & Bergmann, LLP*, No. 3:10-cv-01929, 2011 U.S. Dist. LEXIS 64600 (S.D. Cal. June 13, 2011) (dismissing FDCPA claims based on disclaimer appearing on front of collection letter); (3) *Cordes v. Frederick J. Hanna & Assocs., P.C.*, No. 10-1344, 2011 U.S. Dist. LEXIS 61222 (D. Minn. June 7, 2011) (ruling violation of FDPCA could have been avoided by including disclaimer of no attorney involvement); (4) *Adams v. J.C. Christensen & Assoc.*, No. 10-4667, 2011 U.S. Dist. LEXIS 33019 (D. Minn. Mar. 28, 2011) (ruling letter did not violate FDCPA based on disclaimer language); (5) *Peak v. Southern & Allen*, No. 4:09CV00753, 2010 U.S. Dist. LEXIS 41101 (E.D. Ark. Apr. 27, 2010) (ruling letter did not violate FDCPA due to disclaimer); (6) *Taylor v. Pinnacle Credit Servs., LLC*, No. C-10-05164, 2011 U.S. Dist. LEXIS 36420 (N.D. Cal. Apr. 4, 2011) (dismissing FDPCA claims based on disclaimer in letter); (7) *Walsh v. Frederick J. Hanna & Assocs., P.C.*, No. 2:10-cv-02720, 2010 U.S. Dist. LEXIS 138036 (E.D. Cal. Dec. 20, 2010) (dismissing FDCPA claims "since the letter contains a clear disclaimer stating that the authors of the letter have not reviewed the file, the least sophisticated debtor would not be deceived or misled about whether counsel personally considered the debtor's file before the letter was sent"); (8) *Martsolf v. JBC Legal Group, P.C.*, No. 1:04-CV-1346, 2008 U.S. Dist. LEXIS 6876 (M.D. Pa. Jan. 30, 2008) (ruling law firm would not have violated FDCPA if it had used a disclaimer like the one discussed in *Greco* because "[a]ny misinterpretations can be easily dispelled by including a disclaimer in the collection letter describing the level of the attorney's involvement in analyzing the debt"); (9) *Becker v. Genesis Fin. Servs.*, No. CV-06-5037, 2007 U.S. Dist. LEXIS 86152 (E.D. Wash. Nov. 21, 2007) (dismissing FDPCA claims based on disclaimer language in collection letter); (10) *Quicho v. Mann Bracken, LLC*, No. C07-3478, 2007 U.S. Dist. LEXIS 71649 (N.D. Cal. Sept. 24, 2007) (denying motion to dismiss because collection letter contained no disclaimer); (11)

*Navarro v. Eskanos & Adler*, No. C 06-02231, 2007 U.S. Dist. LEXIS 15046 (N.D. Cal. Feb. 20, 2007) (denying motion to dismiss but ruling "[t]he least sophisticated consumer would not be deceived or misled as to attorney involvement if the communication contained a clear disclaimer stating that an attorney had not reviewed the file"); and (12) *Dupuy v. Weltman*, 442 F. Supp. 2d 822, 825 (N.D. Cal. 2006) (denying motion to dismiss because collection letters "do not include a statement that an attorney was not involved in the matter").

In many of the foregoing cases, courts dismissed the FDCPA claims as a matter of law and with prejudice. *See, e.g.*, *Greco*, 412 F.3d at 361 (granting motion for judgment on the pleadings and dismissing claim). Furthermore, a recurring theme runs throughout the twelve majority decisions: A collection letter from a law firm that includes a clear disclaimer regarding attorney involvement *in the body of the letter* and *on the front page of the letter* does not violate the FDCPA. *See, e.g.*, *Greco*, 412 F.3d at 364-65; *Murphy*, 2011 U.S. Dist. LEXIS 64600, at *3-5; *Peak*, 2010 U.S. Dist. LEXIS 41101, at *4-5.[3] Thus, courts focus not only on the content of the disclaimer, but also its location and placement in the letter. Indeed, this focus on the *location* of the disclaimer is the key distinguishing factor relied upon by the court decisions cited by Plaintiffs.

Of the six remaining cases, four found potential violations where the disclaimer was located on the back of the dunning letter. In *Gonzales v. Kay*, cited by Plaintiffs at Plfs' Memo., 11-12, 14, the Fifth Circuit ruled:

---

[3] Plaintiffs erroneously claim that "*Peak* did not consider violations of §§ 1692e, e(3), and e(10) in the context of a collection letter similar to MPEB's letters at issue here." (Plfs' Opp., 14). On the contrary, the court in *Peak* rejected the plaintiff's claim that the collection letter and disclaimer violated § 1692e(10). *See* 2010 U.S. Dist. LEXIS 41101, at *11-13. The court further noted the similarities between the claim analysis for subsections e(3) and e(10) under *Greco* for collection letters containing disclaimers. *See id.* at *11 fn. 32, *12. The *Peak* decision is directly on point with this case.

> [T]he disclaimer in *Greco* was part of the body of the letter on the front page; *a consumer who read the main text of the letter would necessarily learn that the law firm was sending the letter but that no attorneys had reviewed the file.* In contrast, the "least sophisticated consumer" reading the letter from the Kay Law Firm would not learn that the letter was from a debt collector unless the consumer turned the letter over to read the "legalese" on the back. The disclaimer on the back of the letter completely contradicted the message on the front of the letter—that the creditor had retained the Kay Law Firm and its lawyers to collect the debt. That is, the disclaimer on the back may not have been *effective*. There was also ample room on the front of the letter to include this disclaimer so as to clearly articulate to the consumer the nature of the law firm's involvement.

577 F.3d 600, 606-07 (5th Cir. 2009) (emphasis added). Thus, unlike the collection letters at issue in *Greco* and this case, the letter in *Gonzales* violated the FDCPA because the disclaimer was located on the back of the letter in "legalese." *Id*. Moreover, the *Gonzales* court recognized that a clear disclaimer on the front of the letter – like the letter here – would necessarily inform the consumer "that no attorneys had reviewed the file," and, therefore, not violate the FDCPA. *Id*. Contrary to Plaintiffs' contentions, the decision in *Gonzales* supports MPEB's motion to dismiss.

The collection letter at issue in *Lesher v. Law Offices of Mitchell N. Kay, PC* (cited by Plaintiffs at Plfs' Opp., 9-11, 15-16) was nearly identical to the collection letter at issue in *Gonzales*. *Compare Lesher*, 2011 U.S. App. LEXIS 12463, *2-4 (3d Cir June 21, 2011) *with Gonzales*, 577 F.3d at 602 (transcribing the language in both letters).[4] Like the *Gonzales* collection letter, the letter in *Lesher* included the disclaimer language in "legalese" on the back of the letter. 2011 U.S. App. LEXIS 12463, at *26-27. Not surprisingly, the court in *Lesher* relied on *Gonzales* in ruling that the disclaimer did not avoid liability under the FDCPA. *Id*. Likewise, the collection letter at issue in *Smith v. Harrison*, cited by Plaintiffs at Plfs' Opp., 12,

---

[4] The letters in *Gonzales* and *Lesher* were both drafted by the "Kay Law Firm."

included a disclaimer that was, once again, in "legalese" and located on the back of the letter. 2008 U.S. Dist. LEXIS 51685, *7-8 (D.N.J. July 7, 2008). Similarly, in a decision not cited by Plaintiffs, the district court in *Brazier v. Law Offices of Mitchell N. Kay, P.C.*, 2009 U.S. Dist. LEXIS 22557 (M.D. Fla. Mar. 19, 2009) ruled that a collection letter that included a disclaimer created a mixed question of law and fact as to whether it could confuse the least sophisticated consumer. However, like the letters in *Gonzales*, *Lesher*, and *Harrison*, the disclaimer in *Brazier* was located on the back of the letter. *See id*. at *6-7.

In this case, the letter included a clear disclaimer on the face of the first page and in the body of the text. *See* Exs. A and B to MPEB's Memo., (hereinafter "Exs. A and B"). Unlike the disclaimers in *Gonzales*, *Lesher*, and *Harrison*, the disclaimer is not located on the back of the letter. Nor is it stated in confusing "legalese" like the disclaimers in the cases relied upon by Plaintiffs. Instead, like the valid disclaimers in *Greco* and other cases, the letters at issue here clearly state that "no attorney in this office has reviewed this claim against you as of yet." Exs. A and B. The letters continue by informing the consumer how to obtain an attorney review of the debt. As the court in *Gonzales* ruled, "a consumer who read the main text of the letter would necessarily learn that the law firm was sending the letter but that no attorneys had reviewed the file." 577 F.3d at 606-07. There can be no plausible claim that the language was confusing or deceptive.

Plaintiffs ignore these glaring differences between the collection letters at issue here and those at issue in *Gonzales*, *Lesher*, and *Harrison*, and attempt to focus the Court's attention on the minutia of the terms in the letter, rather than the clear language of the disclaimer or its location. For example, Plaintiffs claim that MPEB's use of the terms "claim" and "legal action," rather than "debt," is somehow dispositive. (Plfs' Opp., 13). But in rejecting the very same

argument, the district court in *Peak* noted that the collection letter in *Greco* "refer[red] to 'such action as necessary,'" and, therefore, also mentioned the possibility of a lawsuit. 2010 U.S. Dist. LEXIS 41101, *13. "Despite the mention of a lawsuit, the disclaimer in the Letter makes clear that no lawyer has reviewed Plaintiff's account." *Id*. (granting summary judgment and dismissing FDPCA claim based on similar disclaimer). Likewise, in this matter, although the collection letters reference the "claim" against Plaintiffs and the possibility of a legal action, the letter clearly states that no attorney has reviewed the matter, and, therefore, there can be no confusion as to the level of involvement by an attorney – none.

  Finally, Plaintiffs are left with two district court decisions, where potential violations were found despite disclaimers on the front of the letters: *Robertson v. Richard J. Boudeau & Assocs., LLC,* 2009 U.S. Dist. LEXIS 138036 (E.D. Cal. Dec. 20, 2010), and *Dunn v. Derrick E. McGavic, P.C.,* 653 F. Supp. 2d 1109 (D. Or. 2009). (Plfs' Opp., 12, 11, respectively). While it is true that both decisions involve disclaimers located on the front of the collection letter, both cases also involve overly aggressive collection efforts that are not alleged in this case. In *Robertson*, the district court found that the defendants' three separate collection letters "became increasingly aggressive as they progressed," with the third letter conveying the "'real possibility' of legal action when read in conjunction with the first two." 2009 U.S. Dist. LEXIS 117885, *8-9. The defendant violated FDCPA § 1692e(5) because it "had no ability to commence litigation against plaintiff in California, [since] none of its lawyers [were] admitted [there]." *Id*. Indeed, the court in *Robertson* distinguished *Greco* based on, *inter alia*, the fact that *Greco* involved only

one collection letter, not a series of "increasingly threatening debt collection" letters. *Id*. at *6-7.[5]

Likewise, the decision in *Dunn* does not support Plaintiffs' position. As the court in *Robertson* noted, the collection letter at issue in *Dunn* was even more aggressive than the three letters in *Robertson*. *See id*. at *7 (ruling that the "threat of litigation was more explicit" in the *Dunn* collection letter). As explained in MPEB's supporting memorandum, the court in *Dunn* ruled that the language in the collection letter was "convoluted" and confusing. *See* MPEB Memo., 10. Furthermore, the letter threatened an *immediate* legal action against the borrower, which may have confused the least sophisticated debtor as to his or her rights under the FDCPA to dispute the debt. 653 F. Supp. 2d at 1113-14. Conversely, the MPEB letters at issue here contain no threats of immediate litigation. Exs. A and B. Indeed, the MPEB letters invite the Plaintiffs to contact them and request an attorney review.

Plaintiffs base their claims on decisions involving distinguishable facts and/or overly aggressive collection tactics that are not at issue in this case. In reality, they are attempting to punish MPEB for fully disclosing the level of attorney involvement. Indeed, it is highly likely that Plaintiffs would have sued MPEB *if it had not included the disclaimer language at issue*. The FDCPA was not designed to create such a *Catch-22* scenario. Unfortunately, this type of overreaching by class action claimants is not uncommon in FDPCA lawsuits. In a recent

---

[5] The court in *Robertson* also noted that the collector's use of the phrase "This *law firm* has been retained" contributed to the defendants' violation of the FDCPA because it "suggests that it is from an attorney hired to do legal work." *Id*. at *5. The letters in this case state "this office has been retained." Exs. A and B. Several courts have relied on a collector's use of the term "office," rather than "law firm," as support for not finding a violation of the FDCPA. *See Murphy*, 2011 U.S. Dist. LEXIS 64600, *24-25. However, use of the term "law firm" does not necessarily submit the sender to liability if the letter also contains a clear disclaimer. *See Peak*, 2010 U.S. Dist. LEXIS 41101, at *4 (ruling no violation for letter stating "Our firm has been retained" because letter also included clear disclaimer).

FDCPA decision not involving disclaimers, the district court for the Eastern District of New York rejected a consumer's attempt to portray a debt collector's full disclosure of the facts as a deceptive practice. *See Golubeva v. GC Servs., Ltd P'ship*, 767 F. Supp. 2d 369, 373 (E.D. N.Y. 2010) (dismissing consumer's class action claim under FDCPA § 1692e(10)). The court in *Golubeva* ruled:

> Plaintiff is essentially seeking to use defendant's attempts at full disclosure against it, by grasping at straws to find any possible language that could be "confusing" and arguing that it is an FDCPA violation. This statute was not designed to provide monetary awards to creative plaintiffs, or to require debt collectors to disclaim away every possible term and interpretation. It simply forces debt collectors to refrain from using false, deceptive, or misleading practices.

*Id*. Similarly, Plaintiffs in this case are "grasping at straws" and attempting to find deceptive language where none exists. Although the claim may be "creative," it cannot withstand MPEB's motion to dismiss in light of the clear language in the collection letter informing Plaintiffs that no attorney had reviewed the claims. MPEB fully disclosed the amount of attorney involvement at the time the letters were sent. It did not use any false, deceptive, or misleading statements. The Court should grant MPEB's motion and dismiss Plaintiffs' claims with prejudice.

## CONCLUSION

WHEREFORE, Defendant Margolis, Pritzker, Epstein & Blatt, P.A. respectfully requests that the Court grant its motion to dismiss and enter an Order dismissing with prejudice all claims asserted by Plaintiffs, awarding it the costs and fees incurred in defending this action, and granting whatever other legal or equitable relief the Court deems appropriate.

**MARGOLIS, PRITZKER, EPSTEIN & BLATT, P.A.P.C.**

By: /s/Jon Hubbard
    David N. Anthony
    Virginia State Bar No. 31696
    Jon Hubbard
    Virginia State Bar No. 71089
    *Attorneys for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
    TROUTMAN SANDERS LLP
    1001 Haxall Point (23219)
    P. O. Box 1122
    Richmond, Virginia 23218-1122
    Telephone: (804) 697-5410
    Facsimile: (804) 698-5118
    Email: david.anthony@troutmansanders.com
    Email: jon.hubbard@troutmansanders.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>Dale W. Pittman, Esq.
>The Law Office of Dale W. Pittman, P.C.
>The Eliza Spotswood House
>112-A West Tabb Street
>Petersburg, VA  23803
>Telephone: (804) 861-6000
>Facsimile: (804)861-3368
>Email: dale@pittmanlawoffice.com
>
>O. Randolph Bragg
>Horwitz, Horwitz & Assoc.
>25 East Washington Street, Suite 900
>Chicago, IL  60602
>Telephone:  (312) 372-8822
>Email:  rand@horwitzlaw.com
>
>*Counsel for Plaintiff*

>            /s/ Jon S. Hubbard
>Jon S. Hubbard
>*Attorney for Margolis, Pritzker, Epstein & Blatt, P.A.P.C. and Stuart R. Blatt*
>Troutman Sanders LLP
>1001 Haxall Point (23219)
>P.O. Box 1122
>Richmond, Virginia 23218-1122
>Telephone:  (804) 697-1406
>Facsimile:   (804) 698-5186
>Email: jon.hubbard@troutmansanders.com

2084430v1