**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **WAYNE D. GARRETT, JR.,** *et al.* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:11-cv-298** |
| | ) | |
| **MARGOLIS, PRITZKER,** | ) | |
| **EPSTEIN & BLATT, P.A.,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MARGOLIS, PRITZKER,**
**EPSTEIN & BLATT'S ANSWER TO COMPLAINT**

Defendant Margolis, Pritzker, Epstein & Blatt, P.A.P.C.[1] ("MPEB"), by counsel, for its

Answer to Plaintiffs' Complaint states as follows:

1.      The allegations contained in paragraph 1 of the Complaint are denied.

## I.  JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 of the Complaint are legal conclusions to

which no response is required.  To the extent the allegations are contrary to law, they are denied.

## II.  PARTIES

3.      MPEB lacks knowledge or information sufficient to form a belief about the truth

of the allegations contained in paragraph 3 of the Complaint, and, therefore must deny the same.

4.      The allegations contained in paragraph 4 of the Complaint are legal conclusions to

which no response is required.  To the extent the allegations are contrary to law, they are denied.

---

[1] In their Complaint, Plaintiffs erroneously named "Margolis, Pritzker, Epstein & Blatt, P.A." as a party defendant in this action.  Margolis, Pritzker, Epstein & Blatt, *P.A.P.C.* is the proper party defendant and submits this pleading to this Court.

5.      MPEB lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint, and, therefore must deny the same.

6.      The allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

7.      In response to the allegations contained in paragraph 7 of the Complaint, MPEB admits that MPEB is a professional association located at Suite 222, 110 West Road, Towson, Maryland 21205.  The remaining allegations in paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent they are contrary to law, they are denied.

8.      The allegations contained in paragraph 8 of the Complaint denied.  Responding further, MPEB states that Blatt is a shareholder of MPEB and an attorney licensed to practice in Maryland, not Virginia.  Furthermore, MPEB states that Blatt is not a signatory to either letter that is the subject of this action.

9.      The allegations contained in paragraph 9 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

10.      The allegations contained in paragraph 10 of the Complaint are denied.

### III.  FACTUAL ALLEGATIONS

11.      The allegations contained in paragraph 11 of the Complaint are denied. Responding further, MPEB states that MPEB (not Blatt) sought to collect a debt from Wayne D. Garrett, Jr. ("Garrett") relating to a Sears Gold MasterCard.

12.      The allegations contained in paragraph 12 of the Complaint are denied. Responding further, MPEB states that MPEB (not Blatt) sent the letter referenced in paragraph 12 and attached to the Complaint as Exhibit A.

2

13.     The allegations contained in paragraph 13 of the Complaint are denied. Responding further, MPEB states that MPEB (not Blatt) sought to collect a debt from Tracey C. Martin ("Garrett") due Citibank, N.A.

14.     The allegations contained in paragraph 14 of the Complaint are denied. Responding further, MPEB states that MPEB (not Blatt) sent the letter referenced in paragraph 14 and attached to the Complaint as Exhibit B.

15.     The allegations contained in paragraph 15 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent the allegations vary from the documents, they are denied.  Responding further, MPEB states that none of the individuals identified in paragraph 15 of the Complaint are signatories to the letters at issue.

16.     The allegations contained in paragraph 16 of the Complaint are denied. Responding further, MPEB states that the letters at issue were sent by MPEB, not Blatt.

17.     The allegations contained in paragraph 17 of the Complaint are denied. Responding further, MPEB states that the letters at issue were sent by MPEB, not Blatt.

18.     The allegations contained in paragraph 18 of the Complaint refer to documents, which speak for themselves, and to which no response is required.  To the extent the allegations vary from the documents, they are denied.

19.     The allegations contained in paragraph 19 of the Complaint are denied.

20.     The allegations contained in paragraph 20 of the Complaint are denied.

21.     The allegations contained in paragraph 21 of the Complaint are denied.

## IV.  CLASS ACTION ALLEGATIONS

22.     The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

23.     The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

24.     The allegations contained in paragraph 24 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

25.     The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

26.     The allegations contained in paragraph 26 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

27.     The allegations contained in paragraph 27 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

28.     The allegations contained in paragraph 28 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

29.     The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required.  To the extent the allegations are contrary to law, they are denied.

## V.  COUNT I
## FDCPA CLAIMS FOR THE CLASS

30.     In response to the allegations contained in paragraph 30 of the Complaint, MPEB incorporates and re-asserts the foregoing responses as if fully set forth herein.

31.     The allegations contained in paragraph 31 and the unnumbered "WHEREFORE" paragraph directly following paragraph 31 of the Complaint are denied.

32.     Any allegation not specifically admitted by MPEB is hereby denied.

## AFFIRMATIVE DEFENSES

1.     MPEB affirmatively states that any alleged damages suffered by plaintiffs are the result of their own conduct and/or the actions of other individuals or entities over which MPEB had no control.

2.     MPEB affirmatively states that plaintiffs' complaint fails to state a claim upon which relief can be granted against either Defendant and should be dismissed for the reasons stated in Defendants' Motions to Dismiss and supporting memoranda, both of which are fully incorporated as if fully stated herein and currently pending with the Court.

3.     MPEB affirmatively states that plaintiffs' claims are barred by the terms of the respective credit agreements, including the agreements provisions regarding arbitration of claims.

4.     MPEB affirmatively states that any alleged violations of the FDCPA were the result of *bona fide* error(s), were unintentional, and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

5.     Plaintiffs' claims should be dismissed to the extent they are contrary to the law and the documents at issue, including, but not necessarily limited to the FDCPA.

6.     MPEB acted in good faith and without malice or intent to injure Plaintiffs.

7.     MPEB did not willfully violate the FDCPA.

8.     Plaintiffs lack standing to sue individually or on behalf of a class of similarly situated persons because they have not sustained any injuries and the alleged facts do not support a cognizable claim for relief on behalf of Plaintiffs or any others.

9.     The Complaint fails to define adequately any class of persons who could properly prosecute this action as a class action; fails to allege any claim that can be prosecuted as a class action; and otherwise fails to satisfy the requirements of Fed. R. Civ. P. 23.

10.     This action should not be maintained as a class action to the extent that individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

11.     Plaintiffs' claims are barred in whole or in part, to the extent the claims made in the Complaint on behalf of themselves and/or on behalf of the putative class are barred by principles of *res judicata* and/or collateral estoppel or the failure to assert such claims as compulsory counterclaims in prior litigation.

12.     Plaintiffs' claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by accord and satisfaction.

6

13.     Plaintiffs' claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by release.

14.     Plaintiffs' claims are barred, in whole or in part, to the extent the claims made in the Complaint on behalf of putative class members are barred by the doctrines of waiver and/or estoppel.

15.     MPEB reserves the right to assert such additional affirmative defenses as may become apparent during discovery in this matter.

**WHEREFORE**, Defendant Margolis, Pritzker, Epstein & Blatt, P.A.P.C. prays that the Court enter an Order dismissing with prejudice any and all claims asserted by plaintiffs against Defendants and awarding MPEB its costs and attorney's fees and that this Court award any and all other relief that the Court may find appropriate.


                                        **MARGOLIS, PRITZKER,
                                        EPSTEIN & BLATT, P.A.**

                                        By:____/s/ Jon S. Hubbard_____
                                                    Of Counsel


David N. Anthony
Virginia State Bar No. 31696
Jon S. Hubbard
Virginia State Bar No. 71089
*Attorney for Margolis, Pritzker, Epstein &
Blatt, P.A.*
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697-5410
Facsimile:   (804) 698-5118
Email: david.anthony@troutmansanders.com
Email: jon.hubbard@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of September, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to:

> Dale W. Pittman, Esq.
> The Law Office of Dale W. Pittman, P.C.
> The Eliza Spotswood House
> 112-A West Tabb Street
> Petersburg, VA  23803
> Telephone: (804) 861-6000
> Facsimile: (804)861-3368
> Email: dale@pittmanlawoffice.com
>
> O. Randolph Bragg
> Horwitz, Horwitz & Assoc.
> 25 East Washington Street, Suite 900
> Chicago, IL  60602
> Telephone:  (312) 372-8822
> Email:  rand@horwitzlaw.com
>
> *Counsel for Plaintiff*

> _____/s/ Jon S. Hubbard_____
> Jon S. Hubbard
> Virginia State Bar No. 71089
> *Attorney for Margolis, Pritzker, Epstein &*
> *Blatt, P.A.*
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> Telephone:  (804) 697-1406
> Facsimile:  (804) 698-5186
> Email: jon.hubbard@troutmansanders.com